UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 15-CR-20750

vs.                                                 HON. BERNARD A. FRIEDMAN

KARL SHAW,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 68]. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Elkton in Elkton, Ohio, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] on the grounds that "COVID-19 is currently infested

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

within FCI ELKTON and under 'increasing a [sic] death sentence upon this inmate[] and others.'" Def.'s Mot. ¶ 17. Defendant fears "contracting a deadly illness based on the realities of FCI ELKTON's living conditions, lack of proper COVID-19 testing, and non-transparent staff." *Id.* ¶ 19. In his motion, defendant does not indicate that he has any of the known risk factors that make him particularly vulnerable to complications were he to be infected by the coronavirus. However, attached to defendant's motion is a copy of the compassionate release request he sent to the warden of FCI-Elkton on May 25, 2020, and in that request defendant stated that he "would like to be considered for compassionate release, because of my underlining [sic] health issues: COPD (emphysema), lung surgery (collapsed) (2010), hypertension, rotator cuff issues (both shoulders), degenerative disc disease (lower spine)." In its response to this motion, the government acknowledges that defendant has a history of emphysema.

The Centers for Disease Control and Prevention has determined that "[h]aving COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/ people-with-medical-conditions.html#copd (last visited August 2, 2020). Nonetheless, this Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of

---

defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
. . .

'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). In the present case, defendant does not offer any explanation as to why his fears of contracting the disease or suffering serious complications are based on anything beyond speculation.

Moreover, as the Court noted in *Gordon*, and as explained at length in the government's response brief, the Bureau of Prisons has adopted extensive measures to prevent the spread of the virus, including in particular at FCI-Elkton. *See Gordon*, 2020 WL 4381948, at *4. The United States Court of Appeals for the Sixth Circuit has also recently acknowledged these measures. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant has not explained why these steps are insufficient to reduce the risk that he may be infected by the virus.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

Dated: August 3, 2020
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2020.

| | |
|---|---|
| Karl Shaw, 54254-039 | s/Johnetta M. Curry-Williams |
| Elkton Federal Correctional Institution | Case Manager |
| Inmate Mail/Parcels | |
| P.O. BOX 10 | |
| LISBON, OH 44432 | |